In re Estate of Donna Simonds, No. 51-1-13 Wrcv (Eaton, J., Jan. 23, 2013)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

### STATE OF VERMONT

SUPERIOR COURT                                              CIVIL DIVISION
Windsor Unit                                               Docket No. 51-1-13 Wrcv


In re Estate of Donna Simonds


### Decision on Administrator's Motion to File Certain Documents Under Seal

Administrator Ivan Simonds has filed a petition for approval of a wrongful-death settlement that was reached following a mediation session held in December 2012. 14 V.S.A. § 1492(c). At issue is the administrator's request that the settlement agreement and proposed order of distribution be filed under seal.

In general, all superior-court records are subject to an affirmative right of public access. 4 V.S.A. § 652(4); Vermont Rule for Public Access to Court Records § 4. And although there are some categorical exceptions to this rule for certain kinds of documents, there are no enumerated exceptions for petitions for approval of wrongful-death settlements. Vermont Rule for Public Access to Court Records § 6(b). As such, the court must begin with the presumption that all petitions for approval of wrongful-death settlements are public unless the administrator shows "good cause specific to the case" and "exceptional circumstances" justifying an order sealing the documents. Vermont Rule for Public Access to Court Records § 7(a); *In re Sealed Documents*, 172 Vt. 152, 156–64 (2001).

Here, the administrator argues that the petition should be sealed because the parties agreed prior to the mediation that "all mediation communications *and results* would be privileged against disclosure in accord with [the Uniform Mediation Act, 12 V.S.A. §§ 5711–5720]." See Administrator's Motion to File Certain Documents Under Seal, filed January 16, 2013, at 2 (emphasis added). The administrator further argues that § 5715 of the Uniform Mediation Act "would appear not to authorize judicial discretion to leave open and not sealed, the confidential communications/*agreements* of the parties resulting from the mediation." *Id.* (emphasis added). Cf. 4 V.S.A. § 652(4) (explaining that courts should not make public "any materials or information required by law to be kept confidential").

A review of the Uniform Mediation Act shows that the parties were not justified in believing that the Act would confer an evidentiary privilege upon the *results* of the mediation. The evidentiary privilege established by 12 V.S.A. § 5715(a) applies only to "mediation communications," meaning any statement that "is made or occurs during a mediation or for purposes of considering, conducting, participating in, initiating, continuing, or reconvening a mediation." 12 V.S.A. § 5713(3). In other words, the evidentiary privilege extends only to statements that are made during the process of negotiating a settlement. The settlement itself is *not* privileged. See 12 V.S.A. § 5717(a)(1) (explaining that agreements resulting from the mediation are *not* privileged); see also Uniform Mediation Act § 6, Official Comment [2] (explaining that written settlement agreements are not confidential). For this reason, the court

cannot conclude that the evidentiary privilege established by the Uniform Mediation Act provides good cause for sealing the settlement agreement and proposed order of distribution.

Nor is "good cause" established by the assertion that the parties agreed that the results of the mediation should be confidential. Such confidentiality agreements may well guide the expectations of the parties in situations where there is no need for the final written settlement to be filed with a court. But settlement agreements involving the distribution of wrongful-death proceeds must be presented to the court for approval under § 1492(c), and a private confidentiality agreement between parties is not in itself sufficient to overcome the presumption that documents presented to the court are public records. See *Perreault v. The Free Lance-Star*, 666 S.E.2d 352, 360–61 (Va. 2008) (holding that petition for approval of wrongful-death settlement should not have been sealed, and explaining that "the desire of the litigants is not sufficient reason to override the presumption of openness"). In other words, private concerns about "the potential consequences of the financial terms of their settlements being made public . . . do not [ordinarily] constitute sufficient reasons to seal judicial records," at least when stated in the abstract. *Perreault*, 666 S.E.2d at 360–61.

The Rules for Public Access to Court Records require that all court records be made public unless there is "good cause specific to the case" and "exceptional circumstances" that would justify sealing the records. Here, the administrator has not offered a specific explanation that would warrant the extraordinary procedure requested. For that reason, the administrator's request to file the documents under seal is denied.

## ORDER

Administrator Ivan Simonds' Motion to File Certain Documents Under Seal (MPR #1), filed January 16, 2013, is ***denied***.

Dated at Woodstock, Vermont this 23rd day of January, 2013.

_____
Harold E. Eaton, Jr.
Superior Court Judge